# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JESUS AROCHO, a minor, by his mother )
MARIA AROCHO; and MARIA AROCHO, )
Individually; )
 )
Plaintiffs, )
 )
vs. ) Case No. 2014-L-009014
 )
MOUNT SINAI HOSPITAL MEDICAL )
CENTER OF CHICAGO; ACCESS )
COMMUNITY HEALTH NETWORK; )
LEMUEL SHAFFER, M.D.; CHARLES )
LAMPLEY, M.D.; and NKECHI EZIRIM, )
M.D.; )
Defendants. )

RECEIVED AUG 29 2014 BY: _____

## SUMMONS

PLEASE SERVE:   See Attached Service List

**To each defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file appearance, in the office of the Clerk of this Court (located in the Richard J. Daley Center, Room 801, Chicago, Illinois 60602) within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

**To the officer:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

WITNESS, _____, 2014.

DOROTHY BROWN, Clerk of the
Circuit Court of Cook County
AUG 28 2014

ARDC#: 6204895
Name: Jeffrey J. Kroll
   Salvi Schostok & Pritchard.
Atty for: Plaintiff
Address: 22 W. Washington, Suite 1600
City: Chicago, Illinois 60602
Telephone: (312) 372-1227

Date of Service _____,
(to be inserted by officer on copy left
with defendant or other person)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JESUS AROCHO, a minor, by his mother )
MARIA AROCHO; and MARIA AROCHO, )
Individually; )
)
Plaintiffs, )
)
vs. ) Case No.
)
MOUNT SINAI HOSPITAL MEDICAL )
CENTER OF CHICAGO ; ACCESS )
COMMUNITY HEALTH NETWORK; )
LEMUEL SHAFFER, M.D.; CHARLES )
LAMPLEY, M.D.; and NKECHI EZIRIM, )
M.D.; )
Defendants.

### Service List

1. Alan H. Channing as Registered Agent of Mount Sinai Hospital Medical Center of Chicago
   2750 W. 15th Street
   Chicago, IL 60608

2. P Matthew Glavin as Registered Agent Access Community Health Network
   180 N. LaSalle Street, Suite 2002
   Chicago, IL 60601

3. Lemuel Shaffer, M.D.
   911 W. College Pkwy.
   Chicago, IL ~~690608~~ 60608

4. Charles Lampley, M.D.
   6900 S. Constance Ave.
   Chicago, IL 60649-1508

5. Nkechi Ezirim, M.D.
   3240 N. Milwaukee Ave., Apt. 3
   Chicago, IL 60618

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JESUS AROCHO, a minor, by his mother, MARIA AROCHO; and MARIA AROCHO, Individually;<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; LEMUEL SHAFFER, M.D.; CHARLES LAMPLEY, M.D.; and NKECHI EZIRIM, M.D.;<br><br>Defendants. | No. |

## COMPLAINT AT LAW

### COUNT I
(Negligence – Dr. Shaffer)

NOW COMES the Plaintiff, JESUS AROCHO, a minor, by MARIA AROCHO, his mother; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D.; state as follows:

1. On or about January 28, 2012, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-for-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2. On or about January 28, 2012, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3. On or about January 28, 2012, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-for-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

4. On or about January 28, 2012, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

5. On or about January 28, 2012, and all times material, LEMUEL SHAFFER, M.D. ("DR. SHAFFER") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

6. On or about January 28, 2012, and all times material, MOUNT SINAI undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like MARIA AROCHO and JESUS AROCHO.

7. On or about January 28, 2012, and all times material, ACCESS undertook to employ obstetricians, such as DR. SHAFFER, for the purpose of providing medical services to individuals like MARIA AROCHO and JESUS AROCHO.

8. On or about January 28, 2012, and all times material, DR. SHAFFER was a member of the staff of MOUNT SINAI.

9. On January 28, 2012, MARIA AROCHO was admitted to the labor and delivery department of MOUNT SINAI.

10. On January 28, 2012, DR. SHAFFER provided medical care and treatment to MARIA AROCHO and JESUS AROCHO, in that he managed the labor of MARIA AROCHO and delivered JESUS AROCHO.

11. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. SHAFFER was doing so as an employee and agent of MOUNT SINAI.

2

12. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. SHAFFER was doing so as an apparent agent of MOUNT SINAI.

13. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. SHAFFER was doing so as an employee and agent of ACCESS.

14. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. SHAFFER had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

15. Defendant MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. SHAFFER, breached its duties and was negligent in one or more of the following respects:

    (a) failed to obtain proper informed consent prior to attempting a vaginal delivery; and/or

    (b) failed to order a c-section in a timely manner; and/or

    (c) applied excessive traction during the delivery of Jesus Arocho.

16. Defendant ACCESS, by and through its employee and agent, DR. SHAFFER, breached its duties and was negligent in one or more of the following respects:

    (a) failed to obtain proper informed consent prior to attempting a vaginal delivery; and/or

    (b) failed to order a c-section in a timely manner; and/or

    (c) applied excessive traction during the delivery of Jesus Arocho.

17. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent

and/or apparent agent, DR. SHAFFER, JESUS AROCHO suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy, and clavicle fracture.

18. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ACCESS, by and through its employee and agent, DR. SHAFFER, JESUS AROCHO suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy, and clavicle fracture.

19. Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, JESUS AROCHO, a minor, by MARIA AROCHO, his mother, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT II
(Family Expense Act – Dr. Shaffer)

NOW COMES the Plaintiff, MARIA AROCHO, Individually; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D., state as follows:

1-19. Plaintiff, MARIA AROCHO, Individually; restates, realleges and incorporates by reference paragraphs 1 through 19 of Count I, including all subparagraphs, as paragraphs 1 through 19 of Count II.

20. JESUS AROCHO is a minor; and MARIA AROCHO is his mother, and as such has become liable for substantial pecuniary amounts arising out of JESUS AROCHO's injuries.

4

The recovery of the above mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, MARIA AROCHO, Individually; demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; and LEMUEL SHAFFER, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT III
(Negligence – Dr. Lampley)

NOW COMES the Plaintiff, JESUS AROCHO, a minor, by MARIA AROCHO, his mother; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants, ACCESS COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D.; state as follows:

1. On or about January 5, 2012, and at all times material, ACCESS COMMUNITY HEALTH NETWORK ("ACCESS") was an Illinois Not-for-Profit Corporation operating doing business in the City of Chicago, Cook County, Illinois.

2. On or about January 5, 2012, and all times material, ACCESS held itself out to the public generally as a provider of medical services.

3. On or about January 5, 2012, and all times material, CHARLES LAMPLEY, M.D. ("DR. LAMPLEY") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

4. On or about January 5, 2012, and all times material, ACCESS undertook to employ obstetricians, such as DR. LAMPLEY, for the purpose of providing medical services to individuals like MARIA AROCHO.

5

5. On January 5, 2012, and at all times material, MARIA AROCHO received prenatal care and treatment from DR. LAMPLEY at ACCESS.

6. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. LAMPLEY was doing so as an employee and agent of ACCESS.

7. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. LAMPLEY had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

8. Defendant ACCESS, by and through its employee and agent, DR. LAMPLEY, breached its duties and was negligent in one or more of the following respects:

   (a) failed to obtain proper informed consent prior to allowing vaginal delivery.

9. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, ACCESS, by and through its employee and agent, DR. LAMPLEY, JESUS AROCHO suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy, and clavicle fracture.

10. Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, JESUS AROCHO, a minor, by MARIA AROCHO, his mother, demands judgment against Defendants, ACCESS COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT IV
(Family Expense Act – Dr. Lampley)

NOW COMES the Plaintiff, MARIA AROCHO, Individually; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants, ACCESS COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D., state as follows:

1-10. Plaintiff, MARIA AROCHO, Individually; restates, realleges and incorporates by reference paragraphs 1 through 10 of Count III, including all subparagraphs, as paragraphs 1 through 10 of Count IV.

11. JESUS AROCHO is a minor; and MARIA AROCHO is his mother, and as such has become liable for substantial pecuniary amounts arising out of JESUS AROCHO's injuries. The recovery of the above mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, MARIA AROCHO, Individually; demands judgment against Defendants, ACCESS COMMUNITY HEALTH NETWORK; and CHARLES LAMPLEY, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT V
(Negligence – Dr. Ezirim)

NOW COMES the Plaintiff, JESUS AROCHO, a minor, by MARIA AROCHO, his mother; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and NKECHI EZIRIM, M.D.; state as follows:

1. On or about January 28, 2012, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-for-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2. On or about January 28, 2012, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3. On or about January 28, 2012, and all times material, NKECHI EZIRIM, M.D. ("DR. EZIRIM") was a physician licensed to practice medicine in the State of Illinois, specializing in obstetrics.

4. On or about January 28, 2012, and all times material, MOUNT SINAI undertook to employ residents, such as DR. EZIRIM, for the purpose of providing medical services to individuals like MARIA AROCHO and JESUS AROCHO.

5. On or about January 28, 2012, and all times material, DR. EZIRIM was a resident on the staff of MOUNT SINAI.

6. On January 28, 2012, MARIA AROCHO was admitted to the labor and delivery department of MOUNT SINAI.

7. On January 28, 2012, DR. EZIRIM provided medical care and treatment to MARIA AROCHO and JESUS AROCHO, in that he was the resident responsible for the labor of MARIA AROCHO and delivery of JESUS AROCHO.

8. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. EZIRIM was doing so as an employee and agent of MOUNT SINAI.

9. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. EZIRIM was doing so as an apparent agent of MOUNT SINAI.

8

10. While providing medical care and treatment to MARIA AROCHO and JESUS AROCHO, DR. EZIRIM had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful obstetrician would use in the same or similar circumstances.

11. Defendant MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. EZIRIM, breached its duties and was negligent in one or more of the following respects:

   (a) failed to obtain proper informed consent prior to attempting a vaginal delivery; and/or

   (b) failed to order a c-section in a timely manner; and/or

   (c) applied excessive traction during the delivery of Jesus Arocho.

12. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its employee and agent and/or apparent agent, DR. EZIRIM, JESUS AROCHO suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy, and clavicle fracture.

13. Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiffs, JESUS AROCHO, a minor, by MARIA AROCHO, his mother, demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and NKECHI EZIRIM, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT VI
(Family Expense Act – Dr. Ezirim)

NOW COMES the Plaintiff, MARIA AROCHO, Individually; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendants,

MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and NKECHI EZIRIM, M.D.; state as follows:

1-13. Plaintiff, MARIA AROCHO, Individually; restates, realleges and incorporates by reference paragraphs 1 through 13 of Count V, including all subparagraphs, as paragraphs 1 through 13 of Count VI.

14. JESUS AROCHO is a minor; and MARIA AROCHO is his mother, and as such has become liable for substantial pecuniary amounts arising out of JESUS AROCHO's injuries. The recovery of the above mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, MARIA AROCHO, Individually; demands judgment against Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and NKECHI EZIRIM, M.D.; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT VIII
(Negligence – Nurses)

NOW COMES the Plaintiff, JESUS AROCHO, a minor, by MARIA AROCHO, his mother; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; state as follows:

1. On or about January 28, 2012, and at all times material, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO ("MOUNT SINAI") was an Illinois Not-for-Profit Corporation operating as a general hospital licensed by the State of Illinois in the City of Chicago.

2. On or about January 28, 2012, and all times material, MOUNT SINAI held itself out to the public generally as a provider of medical and nursing services.

3. On or about January 28, 2012, and all times material, MOUNT SINAI undertook to employ nurses for the purpose of providing nursing services to individuals like MARIA AROCHO and JESUS AROCHO.

4. On January 28, 2012, MARIA AROCHO was admitted to the labor and delivery department of MOUNT SINAI.

5. On January 28, 2012, nurses provided nursing care and treatment to MARIA AROCHO and JESUS AROCHO, during the labor of MARIA AROCHO and delivery of JESUS AROCHO.

6. While providing nursing care and treatment to MARIA AROCHO and JESUS AROCHO, the nurses were doing so as employees and agents of MOUNT SINAI.

7. While providing nursing care and treatment to MARIA AROCHO and JESUS AROCHO, the nurses had a duty to possess and apply the knowledge and use the skill and care that a reasonably careful labor and delivery nurse would use in the same or similar circumstances.

8. Defendant MOUNT SINAI, by and through its nurses, breached its duties and was negligent in one or more of the following respects:

    (a) failed to properly assess MARIA AROCHO; and/or

    (b) failed to advocate for MARIA AROCHO and JESUS AROCHO.

9. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, MOUNT SINAI, by and through its nurses, JESUS

11

AROCHO suffered personal and pecuniary injuries, including, but not limited to, brachial plexus palsy, and clavicle fracture.

10. Attached as Exhibit A are affidavits and reports in compliance with 735 ILCS 5/2-622.

WHEREFORE, the Plaintiff, JESUS AROCHO, a minor, by MARIA AROCHO, his mother; demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

## COUNT IX
### (Family Expense Act - Nurses)

NOW COMES the Plaintiff, MARIA AROCHO, Individually; by and through her attorneys, SALVI, SCHOSTOK & PRITCHARD P.C.; and complaining of Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; state as follows:

1-10. Plaintiff, MARIA AROCHO, Individually; restates, realleges and incorporates by reference paragraphs 1 through 10 of Count VIII, including all subparagraphs, as paragraphs 1 through 10 of Count IX.

11. JESUS AROCHO is a minor; and MARIA AROCHO is his mother, and as such has become liable for substantial pecuniary amounts arising out of JESUS AROCHO's injuries. The recovery of the above mentioned expenses is set forth under the provisions of the Family Expense Act, 750 ILCS 65/15.

WHEREFORE, the Plaintiff, MARIA AROCHO, Individually; demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; in an amount in excess of $50,000 (FIFTY THOUSAND DOLLARS) together with the costs of this action.

Respectfully submitted,

_____
One of the attorneys for the Plaintiffs

Jeffrey J. Kroll (jkroll@salvilaw.com)
Nikole Bryson (nbryson@salvilaw.com)
SALVI, SCHOSTOK & PRITCHARD P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
312.372.1227
Firm No.: 34560

13

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JESUS AROCHO, a minor, by his mother, MARIA AROCHO; and MARIA AROCHO, Individually;<br><br>Plaintiffs,<br><br>v.<br><br>MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; ACCESS COMMUNITY HEALTH NETWORK; LEMUEL SHAFFER, M.D.; CHARLES LAMPLEY, M.D.; and NKECHI EZIRIM, M.D.;<br><br>Defendants. | No. |

### 735 ILCS 5/2-622 ATTORNEY'S AFFIDAVIT

I, NIKOLE BRYSON, being first dully sworn on oath, due hereby state that I have personal knowledge of the matter set forth in this Affidavit and if called as a witness would competently testify as follows:

1. I am one of the attorneys for the Plaintiffs.

2. I have consulted and reviewed the facts of this case with health professionals who I reasonably believe; (i) are knowledgeable in the relevant issues involved in this particular action; (ii) practice or have practiced within the last six (6) years, or teach or have taught within the last six (6) years in the same area of health care or medicine that are at issue in this particular action and; (iii) are qualified by experience or demonstrated a competence in the subjects of this case. That the reviewing health professionals have determined in a written report, after a review of the medical records and other relevant medical materials involved in this particular action, that there is a reasonable and meritorious cause for the filing of this action. The affiant has



concluded on the basis of the reviewing health professional's review and consultation that there is reasonable and meritorious cause for filing this action.

3. The Plaintiffs have not previously voluntarily dismissed an action based upon the same or substantially the same facts, omissions or occurrences.

FURTHER AFFIANT SAYETH NOT.

_____
Nikole Bryson

Subscribed and sworn to before me this 27th day of August, 2014.

_____
NOTARY PUBLIC

*OFFICIAL SEAL*
JACQUELINE AGUILAR
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:12/05/17

Nikole Bryson (nbryson@salvilaw.com)
SALVI, SCHOSTOK & PRITCHARD P.C.
22 W. Washington, Ste. 1600
Chicago, IL 60602
312.372.1227
Firm No.: 34560

2

## CERTIFICATE FOR AN ACTION IN MEDICAL MALPRACTICE
## PURSUANT TO 735 ILCS 5/2-622

I am a physician licensed to practice medicine in all of its branches in the State of New York. I am board certified in obstetrics and gynecology. I have been in practice for over twenty five years. I am qualified and familiar with the appropriate standard of care for the issues in this case, and I am familiar with the methods, procedures and treatments relevant to the allegations at issue in this case.

I have reviewed in detail the records, facts, and other relevant materials pertaining to the medical care and treatment provided to Maria Arocho and Jesus Arocho, including but not limited to the medical records from Mount Sinai Hospital Medical Center of Chicago and Access Community Health Network.

For the reasons that follow below, it is my opinion, which I hold to a reasonable degree of medical certainty, that a meritorious basis for filing an action exists against Dr. Nkechi Ezirim, Dr. Lemuel Shaffer, Dr. Charles Lampley, and the Mount Sinai labor and delivery nurses.

**My reasons relating to the care and treatment rendered by Dr. Nkechi Ezirim are as follows:**

(a) failed to obtain proper informed consent prior to attempting a vaginal delivery;
(b) failed to order a c-section in a timely manner; and/or
(c) applied excessive traction during the delivery of Jesus Arocho.

**My reasons relating to the care and treatment rendered by Dr. Lemuel Shaffer are as follows:**

(a) failed to obtain proper informed consent prior to attempting a vaginal delivery;
(b) failed to order a c-section in a timely manner; and/or
(c) applied excessive traction during the delivery of Jesus Arocho.

**My reasons relating to the care and treatment rendered by Dr. Charles Lampley are as follows:**

(a) failed to obtain proper informed consent prior to allowing vaginal delivery.

**My reasons relating to the care and treatment rendered by the nurses are as follows:**

(a) failed to properly assess Maria Arocho; and/or
(b) failed to advocate for Maria Arocho and Jesus Arocho.

In sum, it is my opinion that the above-referenced deviations in the standard of care each individually caused, or contributed to cause, injuries to Jesus Arocho, including but not limited to brachial plexus palsy and clavicle fracture.