UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESUS AROCHO, a minor, by his mother MARIA AROCHO; and MARIA AROCHO, individually, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 15 C 129 ) ) Judge Der-Yeghiayan |
| UNITED STATES OF AMERICA; MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO; and NKECHI EZIRIM, M.D., | ) ) Formerly Case No. 2014 L 009014 ) Circuit Court of Cook County, Illinois ) |
| Defendants. | ) |

**UNITED STATES' MOTION TO DISMISS
FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The United States of America, by its attorney, Zachary T. Fardon, United States Attorney for the Northern District of Illinois, moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and in support, states as follows:

1. On August 29, 2014, plaintiffs commenced the above civil action in the Circuit Court of Cook County, Illinois, against Mount Sinai Hospital Medical Center of Chicago, Access Community Health Network, Lemuel Shaffer, M.D., Charles Lampley, M.D., and Nkechi Ezirim, M.D., alleging medical malpractice. For purposes of this lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. In addition, Lemuel Shaffer, M.D., and Charles Lampley, M.D., were acting within the scope of their employment at Access Community Health Network with respect to the incidents referred to in the complaint.

2. On January 8, 2015, the case was removed to the United States District Court for the Northern District of Illinois, and the United States was substituted as the federal defendant in

place of Access Community Health Network, Lemuel Shaffer, M.D., and Charles Lampley, M.D., pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679, and 42 U.S.C. § 233.

3. The FTCA is the "exclusive" jurisdictional basis for a common law tort claim against the United States or any employee "while acting within the scope of his office or employment." 28 U.S.C. §§ 1346(b), 2679(b)(1); *Duffy v. United States,* 966 F.2d 307, 313 (7th Cir. 1992).

4. No FTCA action can be initiated against the United States until the plaintiffs have presented a claim to the appropriate federal agency and that agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106 (1993); *Kannar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997) ("No one may file suit under the Federal Tort Claims Act without first making an administrative claim."); *Erxleben v. United States,* 668 F.2d 268, 270 (7th Cir. 1981); *Best Bearings Co. v. United States,* 463 F.2d 1177, 1179 (7th Cir. 1972). This administrative claim requirement is a prerequisite that cannot be waived. *Best Bearings,* 463 F.2d at 1179.

5. A search of the Department of Health and Human Services' computerized database of administrative tort claims reveals that plaintiffs filed an administrative tort claim on September 15, 2014, but no final determination has been issued, and six months have not yet passed. Exhibit A (Declaration of Meredith Torres); *see Capitol Leasing Co. v. Fed. Deposit Ins. Corp.,* 999 F.2d 188, 191 (7th Cir. 1993) (noting that in a motion to dismiss the court may look beyond the jurisdictional allegations of the complaint to determine whether subject matter jurisdiction exists).

WHEREFORE, this case should be dismissed as to the United States for failure to exhaust administrative remedies. Once dismissed, the remainder of the case should be remanded to state court.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Prashant Kolluri
 PRASHANT KOLLURI
 Assistant United States Attorney
 219 South Dearborn Street
 Chicago, Illinois 60604
 (312) 886-9085
 prashant.kolluri@usdoj.gov